## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| MARK EUGENE RICKS, #1238188, | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **CIVIL CASE NO. 3:18-CV-1048-B-BK** |
| | § | |
| LORIE DAVIS, Direct TDCJ-CID, | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States magistrate judge for findings, conclusions, and recommendation.  Petitioner, a state prisoner, filed a *pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241* and subsequently paid the $5.00 filing fee.  The Court did not order a response pending preliminary screening.   Upon review of the relevant pleadings and applicable law, and for the reasons stated here, the Petition for Writ of Habeas Corpus should be construed as being brought under 28 U.S.C. § 2254 and summarily **DISMISSED**.

### I. BACKGROUND

In 2004, Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 25 years' imprisonment.  *State v. Ricks*, No. F03-72209 (203rd Jud. Dist. Ct, Dallas Cty., May 13, 2004).  After exhausting his state court remedies, Petitioner unsuccessfully sought state and federal habeas relief under 28 U.S.C. § 2254.  *Ricks v. Quarterman*, No. 3:07-CV-1898-M-BH, 2009 WL 1953354 (N.D. Tex. July 6, 2009), *certificate of appealability denied*, No. 09-10894 (5th Cir. May 14, 2010), *cert. denied,* No. 10-9791 (June 6, 2011).  In 2015,

Petitioner again sought state habeas relief and his petition was dismissed as successive. *Ex parte*

*Ricks*, No. WR-62,445-03 (Tex. Crim. App. Feb. 17, 2016).[1]

In 2017, Petitioner filed in the United States Court of Appeals for the Fifth Circuit a

federal habeas petition under 28 U.S.C. § 2241, challenging purported errors in the state and

federal habeas process.  The Court docketed the petition as a motion for authorization to file a

successive section 2254 application, which it subsequently denied, holding:

> Ricks . . . seeks to raise numerous claims of what he characterizes as procedural error committed by the state court in handling his habeas proceedings and by the district court in handling his first § 2254 application.  Ricks attempts to circumvent the restrictions against filing successive § 2254 applications by asserting that his claims arise under 28 U.S.C. § 2241.  However, his argument is without merit.
>
> Ricks's claims, to the extent they allege procedural error in his state habeas proceedings and his first § 2254 proceedings, do not challenge his state judgment of conviction and are not cognizable in a § 2254 proceeding. *See* § 2254(a); *In re Gentras*, 666 F.3d 910, 911 (5th Cir. 2012). However, most of Ricks's claims in fact challenge the denial of his state and federal habeas claims on their merits and effectively challenge his state judgment of conviction and sentence. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) ("alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the [applicant] is ... entitled to habeas relief."). One of Ricks's claims directly challenges his state judgment of conviction.
>
> To the extent Ricks is reasserting claims that he raised in his first § 2254 application, he is barred by 28 U.S.C. § 2244(b)(l) from reasserting them in a successive § 2254 application. In any event, none of Ricks's proposed claims meet the criteria in § 2244(b) under which this court may authorize the filing of a successive § 2254 application. Ricks has not made a prima facie showing that (1) his claims rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or" (2) "'the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence." § 2244(b)(2), (b)(3)(C).

*In re Ricks*, No. 17-10188, slip op. at 2 (5th Cir. Apr. 19, 2017) (per curiam).

---

[1] The docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-62,445-03&coa=coscca (last accessed May 22, 2018).

Undeterred, Petitioner filed the petition *sub judice* renewing his attack on the state and federal habeas processes and claiming "egregious errors" that violated his right to due process. Doc. 3 at 1, 5; Doc. 4 at 9. Petitioner also challenges the denial of habeas relief in this Court and the Fifth Circuit, reiterating some of his prior claims and presenting some of the same arguments made in his previous motion for leave in the Fifth Circuit. Doc. 3 at 1, 5; Doc. 4 at 12-23; Doc. 8 at 1- 2. Specifically, Petitioner avers this Court: (1) declined to obtain missing records; (2) failed to secure an affidavit from trial counsel; (3) did not apply the ineffective assistance standard; (4) refused to acknowledge Petitioner's arguments regarding the admission of evidence; (5) did not address the ineffective assistance of counsel at the punishment stage; (6) modified his claims of ineffective assistance of counsel; (7) denied his requests for discovery and an evidentiary hearing; and (8) failed to review his claims de novo. Doc. 3 at 1, 5; Doc. 4 at 12-23.

## II. ANALYSIS

### A.  Nature of Habeas Corpus Action

At the outset, this Court evaluates the substance of Petitioner's claims to determine if they are properly brought only under 28 U.S.C. § 2241. Upon review, the Court concludes that they are not and that the petition should be construed as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (concluding that section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments" (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). Federal courts have generally interpreted section 2241 as a statutory grant of authority to

issue habeas writs, while section 2254 is deemed to implement that authority with respect to state

prisoners.  *See Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief

to state prisoners is limited by § 2254, which specifies the conditions under which such relief

may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Hartfield v.*

*Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (section 2241 empowers a federal court to grant

writs of habeas corpus in general, while section 2254 "applies to 'a person in custody pursuant to

the judgment of a State court'") (quoted case omitted).

Because Petitioner is in custody pursuant to the judgment of a state court and he

challenges aspects of his underlying state conviction on constitutional grounds, the provisions of

section 2254 are applicable to his federal petition.  By attempting to proceed under section 2241,

Petitioner apparently seeks to avoid the prohibition applicable to successive petitions under

section 2254.  Habeas petitioners, however, may not rely on the general habeas provisions found

in section 2241 to circumvent restrictions found in the specific statutes governing habeas corpus

review.  *See Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (addressing a federal

petitioner's attempt to circumvent the restriction on successive motions under 28 U.S.C. § 2255);

*see also Medberry v. Crosby,* 351 F.3d 1049, 1060-61 (11th Cir. 2003) (noting a state prisoner

cannot avoid section 2254 restrictions "simply by writing '§ 2241' on his petition").

### B. Second or Successive Application

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances

under which a petitioner may file a second or successive application for federal habeas relief.  28

U.S.C. § 2244(b)(1)-(3).  Section 2244(b)(1) instructs federal courts to dismiss "any claim

presented in a second or successive petition if a petitioner presented the claim in a previous

application." *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).  Moreover, if a petitioner

raises a new claim, he must show that the successive application is based on: (1) a new rule of

constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2)

newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would

be sufficient to establish by clear and convincing evidence that no reasonable fact finder would

have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2); *Williams*, 602 F.3d at 301.

Before a petitioner may file his application in the district court, however, a three-judge panel of

the United States Court of Appeals for the Fifth Circuit must determine whether the application

makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section

2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas

petition unless the court of appeals has first granted the petitioner permission to file such a

petition.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

   As such, insofar as Petitioner raises the same claims that he challenged in his first federal

habeas petition, his claims are successive and should be summarily dismissed under section

2244(b)(1).  *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam) (declining to

consider claims raised in first habeas petition).  Additionally, to the extent Petitioner raises new

claims, it is apparent from the face of the petition and the record that they are also successive and

are filed without the authorization of the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(2)-(3).  This

Court is, therefore, without jurisdiction to consider the successive petition.

### C. Infirmities in State and Federal Habeas Proceedings

Petitioner also challenges errors in the state and federal habeas proceedings.  However, infirmities in collateral proceedings are not grounds for federal habeas relief.  *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001).  To be sure challenges to the habeas process are nothing more than an "attack on a proceeding collateral to the detention and not the detention itself."  *Id.*  As such, habeas corpus is unavailable to correct alleged errors in the habeas process.

### III. CONCLUSION

For the foregoing reasons, the federal petition should be **CONSTRUED** as one brought under 28 U.S.C. § 2254 and (1) insofar as Petitioner raises the same claims that he challenged in his first federal habeas action, the petition should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 2244(b)(1), and (2) to the extent Petitioner raises new claims, the petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3).  Additionally, any claim challenging infirmities in the habeas process also should be **DISMISSED WITH PREJUDICE.**

**SO RECOMMENDED** August 23, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

Page **7** of **7**