UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK EUGENE RICKS, #1238188, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1048-B-BK |
| | § | |
| LORIE DAVIS, Director, | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

## AMENDED ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING CERTIFICATE OF APPEALABILITY

Before the Court are Petitioner's objections filed September 14, 2018.

By order filed September 7, 2018, the Court accepted the Findings, Conclusions and Recommendations of the U.S. Magistrate Judge and entered Judgment dismissing the petition for writ of habeas corpus, not having seen Petitioner's objection. The Court now considers the objections.

After a de novo review of those portions of the proposed findings and recommendation to which objection was made, the Court OVERRULES Petitioner's Objections. Therefore, the judgment remains undisturbed.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is CONSTRUED as one brought under 28 U.S.C. § 2254. Insofar as Petitioner raises the same claims that he challenged in his first federal habeas action, the petition is DISMISSED WITH PREJUDICE under 28 U.S.C. § 2244(b)(1), and to the extent Petitioner raises new claims, the petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction because he has not obtained authorization to file

a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. See 28 U.S.C. § 2244(b)(3). Additionally, any claim challenging infirmities in the habeas process is DISMISSED WITH PREJUDICE.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

If petitioner files a notice of appeal,

( )  petitioner may proceed *in forma pauperis* on appeal.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

(**X**)  petitioner must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 18th day of September, 2018.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE